Opinión concurrente emitida por el
Juez Asociado Señor Martínez Torres.
La opinión que hoy emite este Tribunal resuelve que la compensación concedida por un patrono a un empleado, como consecuencia de un acuerdo de transacción o relevo, es una indemnización por despido injustificado para propósitos contributivos. La razón provista por este Tribunal, *649 para llegar a esa conclusión, es que el despido que dio lugar a ese acuerdo se presume ilegal o injustificado. No es-toy de acuerdo con este análisis.
Según dispone la doctrina en materia evidenciaría, las presunciones son reglas dirigidas al juzgador para hacer inferencias a partir de la evidencia presentada y admitida con miras a establecer los hechos en controversia. Véase E.L. Chiesa Aponte, Tratado de derecho probatorio: Reglas de Evidencia de Puerto Rico y federales, 2da ed., San Juan, Pubs. JTS, 2005, T. II, pág. 998. Una presunción es una deducción de un hecho que la ley autoriza a hacer, o requiere que se haga, de otro hecho previamente establecido en una acción. El efecto de la presunción es que la parte contra la que se establece la presunción tiene el peso de la prueba para demostrar la inexistencia del hecho presumido. Id.
A tales efectos, el renumerado Art. 11 de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185k, establece que, en toda acción entablada por un empleado en la que se reclamen los beneficios de la ley por un despido injustificado, el patrono tiene el peso de probar que la cesantía fue justificada. Como vemos, el legislador estableció una presunción que opera contra el patrono y que se activa con la presentación de una causa de acción según la Ley Núm. 80 (29 L.P.R.A. sec. 185a et seq.). Véase Díaz v. Wyndham Hotel Corp., 155 D.P.R. 364, 378 (2001). Como resultado de esta presunción, el patrono tiene el peso de probar la inexistencia del hecho presumido; esto es, que el despido fue ilegal o injustificado. En este caso, no está ante nuestra consideración una causa de acción judicial por un despido injustificado en la que, por mandato de ley, se activa una presunción de despido injustificado contra el patrono demandado. Por lo tanto, no es correcto decir que el despido se presume injustificado. Esta es una presunción estatutaria que sólo se activa contra el patrono en una causa de acción en la cual se reclamen los beneficios de la Ley Núm. 80, supra.
*650 Ahora bien, el hecho de que no haya una presunción aplicable o una determinación judicial a los efectos de demostrar que ocurrió un despido injustificado, no significa que la compensación como consecuencia de una transacción o un relevo para evitar una reclamación según la Ley Núm. 80, supra, no constituya una indemnización o un pago de la mesada. El Art. 9 de esta ley, 29 L.P.R.A. sec. 185i, establece que será nulo cualquier contrato, o parte éste, en que el empleado renuncie a la indemnización a que tiene derecho según la ley, por un despido injustificado. Conforme a lo anterior, para que un acuerdo de transacción o relevo de una causa de acción al amparo de la Ley Núm. 80, supra, sea válido, éste debe cumplir con el pago total de la mesada a la que tendría derecho el empleado. En la medida que, con el acuerdo de relevo, se transigió cualquier potencial reclamación de mesada según la Ley Núm. 80, supra, y que la compensación que se pagó es equivalente a la indemnización por un despido injustificado a la que tendría derecho el empleado de prevalecer en un tribunal, entendemos que la compensación recibida es una indemnización ante la posibilidad de que se reclamare por un despido ilegal o injustificado. Por esta razón, ya que no está claro que el empleado cesara en sus labores por liquidación o cierre de la empresa, concurro con la opinión mayoritaria en que el pago que un patrono le otorga a un empleado mediante un acuerdo de transacción que lo releva de una reclamación judicial al amparo de la citada Ley Núm. 80, goza del mismo tratamiento contributivo que la “mesada” que se paga como resultado de un juicio contencioso.
Cuando el empleado cesa por motivo de cierre o liquidación de la empresa, o por la justa causa enumerada en los incisos (d)(e) y (f) del Art. 2 de la Ley Núm. 80 (29 L.P.R.A. sec. 185b(d)(e)(f)), el Art. 10 de la misma ley, según enmendada por la Ley Núm. 278 de 15 de agosto de 2008, la compensación recibida estará libre del pago de impuestos. *651 29 L.P.R.A. sec. 185j. Elio, no obstante, no surge claramente que esa sea la situación del empleado recurrido.
Aun así, concuerdo con el resultado al que llega este Tribunal al eximir del pago de las contribuciones la indemnización que recibió el empleado por despido injustificado. Para la fecha que da lugar a la controversia ante nuestra consideración, la Sec. 1022(b)(5) del Código de Rentas Internas, 13 L.P.R.A. sec. 8422(b)(5), establecía que una lesión personal o enfermedad estaba exenta del pago de contribuciones. Según esta disposición, es razonable interpretar que el legislador incluyó las indemnizaciones recibidas por cualquier tipo de lesión personal, ya sea por sufrimientos morales, angustias mentales o daños físicos. En ese sentido, la indemnización por el despido injustificado estaba exenta del pago de contribuciones, ya que la compensación se da para resarcir los sufrimientos morales y las angustias mentales que sufre el empleado como consecuencia de ser despido sin justa causa. No obstante, entendemos que esta interpretación sólo aplica a las controversias contributivas que surjan a base de la Sec. 1022(b)(5) del Código de Rentas Internas, supra, antes de la enmienda que sufrió esta sección en el 2005. Veamos.
Mediante la Ley de la Justicia Contributiva de 2006, Ley Núm. 117 de 4 de julio de 2006, el legislador enmendó la Sec. 1022(b)(5) del Código de Rentas Internas, supra, para establecer que las compensaciones que se excluyen del ingreso bruto son aquéllas que se otorgan por motivo de “lesiones físicas personales” o “enfermedades físicas”, ya sea que se obtengan por un procedimiento judicial o una transacción extrajudicial. Como vemos, con esta enmienda, el legislador definió, expresamente, el tipo de lesión o enfermedad a la que se refiere esta sección. Con esta actuación legislativa se eliminó el término de “lesión personal” que abarcaba tanto los daños físicos como los daños morales o las angustias mentales.
*652 La interpretación restrictiva de las exenciones contributivas se fundamenta en que éstas son “gracias legislativas” o privilegios que el Estado concede, por lo que cualquier duda sobre su existencia debe resolverse en su contra. Véase San Juan Trading Co. v. Srio. de Hacienda, 80 D.P.R. 807, 815 (1958). Por lo tanto, una exención contributiva debe existir concretamente, no puede inferirse. Id. Ahora bien, las exenciones contributivas no se interpretarán restrictivamente si la intención legislativa de concederlas es clara e inequívoca, pues se derrotaría entonces el propósito de la ley. Véase, entre otros, Roque González & Co. v. Srio. de Hacienda, 127 D.P.R. 842, 856-857 (1991). En atención a estas normas de hermenéutica entiendo que la enmienda legislativa hizo constar de forma clara e inequívoca que las compensaciones excluidas de tributación son aquéllas que se reciben por el tipo de daño especificado en el texto de la ley, a saber, lesiones físicas o enfermedades físicas.
La indemnización por despido injustificado no se otorga por motivo de la existencia de un daño físico o una enfermedad física. La mesada es una compensación que se otorga para resarcir el sufrimiento emocional y moral que provoca el ser despedido injustificadamente, por ejemplo, la ansiedad por la pérdida del sustento y el daño a la autoestima. Puede ser que los daños morales y las angustias mentales que son objeto de la indemnización por mesada puedan, en ocasiones, repercutir en las condiciones de salud física de los empleados. Sin embargo, esto no significa que la finalidad de la indemnización por un despido injustificado es compensar una lesión física o una enfermedad física particular. Si resolvemos lo contrario, estaríamos diciendo que cualquier compensación recibida como resultado de una acción torticera por daños morales y angustias mentales está exenta de tributar, porque hay una posibilidad de que esos sufrimientos morales y emocionales causen a su vez daños físicos. Es decir, todas las indemni *653 zaciones por lesiones personales estarían exentas de tributación. Esa no es la intención legislativa. Hay un mandato expreso de excluir de la tributación aquellas compensaciones que se reciban por motivo de lesiones físicas o enfermedades físicas.
Ello, no obstante, como la enmienda a la Sec. 1022(b)(5) del Código de Rentas Internas, supra, no tiene efectos retroactivos, el recurrido Francisco J. Orsini García no tiene que tributar por la cantidad querecibió de su patrono como indemnización al cesar en su empleo.